IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TOMMY BEAUMONT,  )
       Plaintiff,  )
         )  Civil Action No. 15-25
vs.  )  District Judge Joy Flowers Conti
         )  Chief Magistrate Judge Maureen P. Kelly
JOHN POLLOCK *Chief Financial Officer*  )
*South Sate Bank*,  )
       Defendant.  )

## REPORT AND RECOMENDATION

**I.   RECOMMENDATION**

It is respectfully recommended that the Complaint filed in the above-captioned case, ECF No. 1, be dismissed for failure to prosecute.

**II.   REPORT**

Plaintiff Tommy Beaumont ("Plaintiff") filed a Complaint on January 8, 2015, ECF No. 1, without the requisite $400.00 filing fee or a Motion to Proceed *In Forma Pauperis*. On January 15, 2015, this Court issued an Order directing Plaintiff to submit to the Court either the $400.00 filing fee or a Motion to Proceed *In Forma Pauperis*, and to do so on or before February 5, 2015. ECF: 1/15/2015 Text Order. Plaintiff was also advised in the Order that his failure to provide the requisite filing fee and/or paperwork could result in the case being dismissed for Plaintiff's failure to prosecute. Id.

Thereafter, on February 4, 2015, Plaintiff filed a Motion to Proceed *In Forma Pauperis* which was denied by this Court in an Order dated February 17, 2015, having found that Plaintiff had sufficient funds available to him to pay the $400.00 filing fee. ECF Nos. 2, 3. Plaintiff was also advised that he had until March 1, 2015, to pay the entire $400.00 filing fee "or the case *will*

be dismissed for Plaintiff's failure to prosecute." ECF No. 3, p. 2 (emphasis added). To date, Plaintiff has failed to pay the requisite filing fee or otherwise responded to the Court's Order.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. <u>Mindek v. Rigatti</u>, 964 F.2d 1369, 1373 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the court must consider six factors. These factors, as set forth in <u>Poulis v. State Farm Fire and Casualty Company</u>, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

Consideration of these factors suggests that the instant action should be dismissed.

The first factor relates to Plaintiff's failure to comply with this Court's February 4, 2015 Order and weighs heavily against him. Plaintiff's failure to pay the requisite $400.00 filing fee or otherwise respond to the Court's Order was solely his personal responsibility and his failure to pay the filing fee has prevented this case from proceeding. Factor six -- the meritoriousness of the claim -- also weighs against Plaintiff as it does not appear from the Complaint that Plaintiff is setting forth a viable claim.

With respect to the second factor -- the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's orders -- there appears to be no specific prejudice to Defendant as he has not yet been served with the Complaint. Similarly, factors three and four --

a history of dilatoriness and whether Plaintiff's failure to respond to the Court's Order was willful or in bad faith -- weight neither in favor nor against Plaintiff given the posture of this case and the limited record before the Court.  Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted.: Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Notwithstanding that Plaintiff has been denied *in forma pauperis* status, it appears from his Motion to Proceed *In Forma Pauperis* that he his funds are not unlimited and thus it does not appear that monetary sanctions are appropriate.  Moreover, Plaintiff's failure to comply with the Court's Order, having been advised that his failure to do so *would* result in the case being dismissed, indicates that Plaintiff has no serious interest in pursuing this case.  It therefore appears that dismissal is the most appropriate action for the Court to take.  Mindek v. Rigatti, 964 F.2d at 1373.  Accordingly, it is respectfully recommended that the Complaint filed in the above-captioned case, ECF No. 1, be dismissed for failure to prosecute.

In accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(1)(B) & (C), and Local Rule 72D.2, Plaintiff is permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation.  Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.  Failure to timely file objections will constitute a waiver of any appellate rights.  Siers v. Morrash, 700 F.3d 113, 116 (3d Cir. 1983). See Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

          Respectfully submitted,

          /s/Maureen P. Kelly
          MAUREEN P. KELLY
          Chief United States Magistrate Judge

Dated: March 10, 2015

cc: The Honorable Joy Flowers Conti
United States District Judge

Tommy Beaumont
2709 Darlington Road
Beaver Falls, PA 15010